RÍOS ET AL., PLAINTIFFS AND APPELLANTS, v. MENÉNDEZ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action
for the Annulment of a Deed.

No. 2515.—Decided July 11, 1922.

TAX SALE—INCAPACITY—PLEADING.—When the annulment of a tax sale is prayed
for on the ground that the grantee was without capacity to acquire the prop-
erty because he was an heir of the owner (*Fernández et al. v. Olivencia et al.,*
19 P. R. R. 311), if the complaint does not allege that the property was ac-
quired after the death of the ancestor it does not state facts sufficient to
constitute a cause of action.

The facts are stated in the opinion.

*Mr. M. Guzmán Texidor* for the appellants.

*Mr. B. Fernández García* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint in this case it is alleged that Francisco
Ríos died leaving as his sole heirs his legitimate children, the
plaintiffs, defendant Eustaquio Ríos and another son, who
died after the death of his father without leaving any de-
scendants, his heirs being his brothers because the mother of
the plaintiffs and of defendant Eustaquio Ríos had died also;
that Francisco Ríos was the owner of a certain property
which is described; that in May of 1905 the deputy collector
of internal revenue of Cidra levied execution on the said
property as the property of Francisco Ríos for the collection
of taxes; that the property was sold at public auction to
Eustaquio Ríos, an heir at law of Francisco Ríos; that as a
consequence of said sale to Eustaquio Ríos he recorded the
property in his name in the registry of property, that being
the first record, by virtue of a deed executed to him by
the Registrar of Property of Guayama in 1907; that Eusta-
quio Ríos sold the whole property to defendant Onofre Me-
néndez, in whose name it was recorded in the registry of
property; that the sale of the property to Eustaquio Ríos
at the tax sale was null and void because he was incapacitated

to acquire, directly or indirectly, the property of his ancestor at a tax sale; that the ownership of the said property never passed to Eustaquio Ríos, but only the interest he had therein by inheritance, and the payment made by him at the tax sale amounts to the payment of the taxes due; that Eustaquio Ríos could not transfer to defendant Onofre Menéndez the ownership of the property, but merely his interest therein, and Onofre Menéndez knew that the sale made to Eustaquio Ríos was void because this fact clearly appeared from the registry of property; that Menéndez unlawfully detains the interest of the plaintiffs and refuses to acknowledge them; that the property has a value of $5,000, and that Eustaquio Ríos was made a defendant because he refused to join the plaintiffs. On these allegations they prayed the court for judgment as follows: (a) That the plaintiffs are the owners of four-fifths of the property described in the complaint; (b) that defendant Onofre Menéndez should acknowledge and restore to the plaintiffs their joint interest and also pay the costs.

Defendant Eustaquio Ríos did not appear. Onofre Menéndez appeared and demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court and he then answered the complaint. After a trial judgment was rendered dismissing the complaint and from that judgment the plaintiffs have taken the present appeal.

As a general demurrer was interposed against the complaint, to the effect that it did not state facts sufficient to constitute a cause of action, and was overruled, that is the first question which we should consider in this appeal.

The basis of the complaint is that according to the holding in *Fernández et al.* v. *Olivencia et al.*, 19 P. R. R. 311, Eustaquio Ríos, as an heir of Francisco Ríos, had no capacity to purchase at a tax sale the property of his ancestor and that the payment made by him at the sale is nothing but the payment of the taxes which as such heir he owed;

but this cause of nullity does not arise from the complaint, for although it alleges that Francisco Ríos died, the date of his death is not given, nor does it appear that he died prior to the sale of the property by the collector, an allegation which was necessary in order to lead to the conclusion that when Eustaquio Ríos purchased the property he was already an heir of Francisco Ríos, especially in this case in which it is alleged in the complaint that the property was levied on and sold as the property of Francisco Ríos.

The complaint being for this reason insufficient to determine the cause of action therein asserted, it should have been dismissed; therefore, the judgment dismissing the complaint is

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.